IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAWN DANIELS,<br>                  Plaintiff,<br><br>v.<br><br>N.H.S. NORTH WESTERN HUMAN SERVICES, MARLENE GREENE, JEOVHANNA LEWIS, STACEY MCMULLEN, PAUL SACHS, MICHEAL WENCROWICK, JOHN DOE 1, AND JOHN DOE 2,<br>                  Defendants. | CIVIL ACTION<br><br><br><br>NO. 18-3128 |

## MEMORANDUM OPINION

### I. BACKGROUND

On July 25, 2018, *pro se* Plaintiff Shawn Daniels initiated this action against N.H.S. Northwestern Human Services and individual defendants, claiming civil rights violations. The Second Amended Complaint, *see* ECF No. 54, alleges that while Plaintiff was a resident at Douglas House, a residential treatment facility, the staff there violated his First, Fourth, Fifth, Eighth, and Fourteenth Amendment rights.[1] Plaintiff is suing under Section 1983 to recover for the alleged constitutional violations. In the year-and-a-half that this case has been pending, the Court has granted Plaintiff numerous extensions. *See* ECF Nos. 16, 53, 64 & 70. The Court has also held two on-the-record status conferences with the parties and a hearing on the motion to dismiss. *See* ECF Nos. 51, 72 & 77. Before the Court now is Defendants' motion to dismiss.

### II. DISCUSSION

When evaluating a complaint, factual allegations are scrutinized under Rules 8(a) and

---

[1] Plaintiff alleges that Defendant N.H.S. Northwestern Human Services operates Douglas House. Defendants maintained in their briefing and at the motion to dismiss hearing that N.H.S. Northwestern Human Services has been improperly designated, and that Merakey Philadelphia runs Douglas House. Counsel for Defendants represents Merakey Philadelphia.

12(b)(6) to determine if the allegations and inferences proposed from those allegations are plausible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 683 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See id.* at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[R]ote recitals of the elements of a cause of action, legal conclusions, and mere conclusory statements" are disregarded. *James v. City of Wilkes-Barre*, 700 F.3d 675, 679 (3d Cir. 2012). The relevant question is not whether the claimant "will ultimately prevail . . . but whether [the] complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 531 (2011).

To state a claim under Section 1983, a plaintiff must show that the defendants were acting "under color" of state law. *See* 42 U.S.C. § 1983; *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978). Merakey Philadelphia and its employees can only be liable under Section 1983 if they can "fairly be said to be [] state actor[s]." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). Courts use four tests to determine if a party is a "state actor" for Section 1983 liability. First, a private entity may be liable where there is a "sufficiently close nexus between the state and the challenged action of the [private] entity." *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982). Second, a private entity may be liable where "[t]he state has so far insinuated itself into a position of interdependence" with a private entity that "it must be recognized as a joint participant in the challenged activity[.]" *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 725 (1961). Third, the "joint action test" is satisfied where a private party is a "willful participant in joint action with the State or its agents." *Lugar*, 457 U.S. at 941. Fourth, the "public function test" is satisfied where the private entity has been delegated a power "traditionally exclusively reserved to the State." *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 352 (1974).

Giving the utmost consideration to Plaintiff's *pro se* status, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (requiring *pro se* filings "to be liberally construed"), Plaintiff has not alleged sufficient facts to satisfy any of these tests. Plaintiff describes Douglas House as a "calm and comfortable residential treatment house oriented place" and a "big duplex house [where] you can come and go as you please." He states that he was a "resident" of Douglas House, which at the motion to dismiss hearing he referred to as "a company." His only allegation that describes the relationship between Douglas House and the state is the following:

> 'Douglas House' is a community residential rehabilitation residence under operation of N.H.S. Northwestern Human Services who is from my knowledge integrated working with the City of Philadelphia and its prison institutions and the state as well.

This vague allegation is a "mere conclusory statement[]" that must be disregarded. *James*, 700 F.3d at 675. Taken together, the allegations suggest that Douglas House is a private entity and thus the allegations are insufficient to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678.

Having failed to meet the threshold "state actor" requirement, all of Plaintiff's claims against Defendants must fail. Defendants' motion to dismiss is granted, and the claims are dismissed with prejudice.[2] An appropriate order follows.

**March 10, 2020**  **BY THE COURT:**

**/s/Wendy Beetlestone, J.**

_____
**WENDY BEETLESTONE, J.**

---

[2] Although leave to amend should be freely granted "when justice so requires . . . a court may deny leave to amend when such amendment would be futile." *Budhun v. Reading Hosp. and Med. Ctr.*, 765 F.3d 245, 259 (3d Cir. 2014) (internal quotations omitted).